### DEAN v. DEAN.

DIVORCE—EXTREME CRUELTY—NEGLECT—NONSUPPORT.

> Evidence that defendant's husband, who filed a bill for divorce, was shiftless, lazy, and that he neglected to provide support and clothing for his family, consisting of a wife and two children; that his farm was small and he did not properly work it, the roof of the house leaked and it was unfit for habitation; that he used profane language in the presence of his wife and children; that defendant was compelled to leave him and teach school,

earning at that occupation enough to support herself and children, justified the court in granting defendant a decree of divorce upon her cross-bill.[1]

Appeal from Alpena; Emerick, J. Submitted April 16, 1914. (Docket No. 49.) Decided July 24, 1914.

Bill by Warren C. Dean against Harriet Dean for divorce. From a decree for defendant, granting a divorce on her cross-bill, complainant appeals. Affirmed.

*Joseph H. Cobb,* for complainant.

*Fred P. Smith,* for defendant.

McALVAY, C. J. Complainant filed his bill of complaint against his wife in the circuit court for the county of Alpena, in chancery, on the ground of extreme cruelty, asking for a decree of divorce and for the custody of two minor children, the issue of said marriage. Defendant answered, denying all the allegations of cruelty set up in the bill of complaint, and asked affirmative relief, charging complainant with extreme cruelty in refusing and neglecting to provide suitable food and clothing for her and the two children; also praying for divorce and the custody of these children.

Upon the hearing proofs were taken in open court. A decree was later granted defendant on her answer and cross-bill, giving her certain alimony and the custody of the two children. Complainant asks this court to reverse such decree.

The parties to this suit were married at the city of Alpena, in January, 1903, and lived together as husband and wife until October, 1910. After the marriage they lived with complainant's father for a short

[1] The question of failure to furnish support as ground of divorce or separation is treated in a note in 43 L. R. A. (N. S.) 255.

time, and then moved upon a farm of about 80 acres located across the road from that place. There was a mortgage of about $300 upon this farm at the time it was purchased. Here they made their home and continued to live until they separated.

The cruelty charged by complainant against his wife is that after the marriage she repeatedly left their home in the township of Alpena and went to the city of Alpena to remain with her parents for from one day to two weeks at a time, leaving him on the farm to do his work, cook his meals, and take care of the house; that she paid no attention to his remonstrances at such conduct, and that it continued until October, 1910, when she left his home, taking a portion of their personal effects and the two children to the city of Alpena and then to Long Rapids, where she has since remained teaching school, leaving the children with her parents. He also alleges that he visited her for the purpose of inducing her to give up her school and return to him, without success; also that he was always kind and indulgent to his wife, furnished her with a home, clothing and support, to the best of his ability, and that she left him without warrant, or provocation on his part.

In her cross-bill defendant charges that complainant neglected and refused to provide necessary clothing and support for her and the children, and that he would use vile and profane language toward her because of lack of provisions. She alleges that she worked on the farm, making a garden by which vegetables were furnished the family; that complainant refused to furnish wood, and she was obliged to pick up wood from the farm and at the roadside wherever she could find it, to cook the meals; that when he occasionally hauled some logs to the house, he would not cut them up, and she was required to take a crosscut saw and, with the help of her sister, cut them up and split them into stove wood; that he never pro-

vided suitable clothing for the children, and she re-
lied upon the generosity of her parents and others
for such clothing; that during three years of their
married life he refused to let her go to visit her
parents, and she only visited them during that time
in case of sickness or death; that he swore at her
and called her vile names and used personal violence
upon her; that he was of a sullen disposition, and
some nights would walk the floor with his gun and
frequently pointed it at her, sometimes threatening to
shoot her; that the house was old, out of repair, and
dilapidated, and the roof leaked badly, and was not
repaired until six months after she left him.

She asked for the custody of the children, and
charges that he has threatened and attempted to ob-
tain possession of them, and for alimony and an in-
junction to restrain him from selling the farm, or
interfering with defendant and her custody of the
minor children.

To rehearse the testimony in this case would be of
no benefit. It is apparent from the record that com-
plainant is not an industrious, thrifty farmer, and
that he has spent a large part of his time during the
years of his married life in hunting and fishing, and
has raised very few crops upon the 30 acres of cleared
land, except hay, which has required little or no at-
tention other than cutting and securing it. In the
matter of his proofs of his wife's extreme cruelty in
going from him during the first three years of their
married life, there is practically none, except his own
statement.

His solicitor says in his brief that on the hearing
in the circuit court he stated that neither party upon
the proofs in this case was entitled to a divorce, and
he urges this proposition before this court. From an
examination of the record we are satisfied that this
position is correct as far as proofs presented by com-
plainant are concerned. It remains to be determined

whether the evidence in the case warranted the trial court in granting her relief as prayed.

Defendant was not 18 years of age when she married complainant, who at the time was 28 years old. The children, at the time of the hearing in February, 1912, were a boy and a girl, respectively of the ages of 6 and 2 years. She had taught school before she married, and had little or no experience of life on a farm.

Of the improvements on this farm very little appears in the record, except as to the house, which has already been described. The value of the property seems not to be disputed. Both parties state it to be $800.

Since the marriage the mortgage has been paid, toward which the efforts of the wife appear to have in a large part contributed. The record shows she worked hard, not only at her housework, but in the field, performing all kinds of menial service in the fields and about the farm, including taking care of some sheep and the few head of cattle they owned, and cleaning the stables. This she did both when complainant was away from home and when he was there. It is established by the testimony that he was not a worker, and that he was a man who used profane language in the presence of his wife and children, and was harsh in punishing the boy; that this house was hardly fit to live in by reason of the poor roof, which leaked so badly it was necessary during a rain to move the bed to keep it dry. The record shows that the man was shiftless, lazy, and neglected to properly support and clothe his family.

She left him at the end of seven years, secured a school to teach, leaving her children with her parents, at which employment she has been able to earn $55 a month. Since she left he has contributed very little, if anything, to the support of the children, except

what has been ordered by the court during the pendency of this suit.

We are satisfied that the evidence in the case warranted the trial court in granting defendant her relief, and that the alimony is reasonable and justified.

The decree of the circuit court is in all respects affirmed, with costs of both courts to defendant, Harriet Dean. The case will be remanded to that court for such further order and decree as may from time to time be necessary.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.